[Cite as *State v. Longenecker*, 2026-Ohio-1503.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 24AP0038 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOANNA LONGENECKER | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2023 CR-B 001273 |

DECISION AND JOURNAL ENTRY

Dated: April 27, 2026

FLAGG LANZINGER, Judge.

{¶1} Joanna Longenecker appeals from the judgment of the Wayne County Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} Longenecker was charged with one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. The charge stemmed from allegations that Longenecker physically assaulted her neighbor, L.D., after L.D. closed an interior door in the parties' apartment building that Longenecker purposefully left open. Longenecker pleaded not guilty and the matter proceeded to a bench trial.

{¶3} At trial, the State presented testimony from L.D. and two officers from the City of Wooster Police Department. L.D. testified that she lived on the first floor of an apartment building and that Longenecker lived on the third floor. L.D. testified as to the layout of the building, which included an interior security door on the first floor that locked automatically when it closed.

{¶4} Regarding the day of the incident, L.D. testified she was preparing to go to bed when she exited her apartment to close the interior security door, which was left cracked open. L.D. testified that Longenecker came down from her third-floor apartment and was "enraged" that L.D. closed the security door. L.D. testified that Longenecker told her she had no right to close the security door because she (Longenecker) had lived in the building longer than L.D. and she wanted the door to remain open. L.D. testified that Longenecker then grabbed her by the hair and "twist[ed]" her head around for several minutes, causing her head to be "banged against the wall." L.D. testified that she eventually got away from Longenecker, went back to her apartment, and called the police. L.D. testified that she suffered injuries as a result of the incident, including scratches on her elbow, face, and eyes. L.D. also testified as to photographs of her injuries, which the police took on the night of the incident. The photographs showed redness on L.D.'s face and a small scratch on her elbow.

{¶5} Next, an officer with the City of Wooster Police Department testified that he responded to the scene and spoke with L.D. The officer testified that L.D. appeared out of breath, upset, and frantic when he arrived, and that he observed injuries to L.D.'s face and elbow. The officer testified that L.D. told him she and Longenecker argued about the security door, and that Longenecker threw her against the wall and repeatedly hit her. The officer testified that he determined Longenecker was the aggressor in the altercation and that he made the decision to arrest her.

{¶6} Lastly, a sergeant with the City of Wooster Police Department testified that he responded to the scene. The sergeant testified he heard Longenecker yelling from her apartment when he arrived, so he went upstairs to speak with her. The sergeant testified that Longenecker was "kind of erratic" and claiming the building and the door belonged to her. The sergeant also

testified that Longenecker "[k]ept repeating that possession is nine tenths of the law." The sergeant further testified that Longenecker claimed L.D. assaulted her, but he observed no injuries on Longenecker and minor injuries on L.D.

{¶7} After the sergeant's testimony, the State rested subject to the admission of its exhibits. Defense counsel then moved for acquittal under Crim.R. 29, which the trial court denied. The defense presented no witnesses but moved to admit certain exhibits. Counsel then presented closing arguments, after which the trial court found Longenecker guilty. The trial court later sentenced Longenecker to 90 days in jail, imposed a $300 fine, and ordered her to pay court costs. Longenecker now appeals, raising three assignments of error for this Court's review.

**ASSIGNMENT OF ERROR I**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE BENCH TRIAL VERDICT OF GUILTY.**

{¶8} In her first assignment of error, Longenecker argues that the State failed to present sufficient evidence in support of her conviction for assault. For the following reasons, this Court overrules Longenecker's first assignment of error.

{¶9} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to

reasonably conclude that the State proved the essential elements of the crime beyond a reasonable doubt. *Id.*

{¶10} The trial court found Longenecker guilty of assault in violation of R.C. 2903.13(A). R.C. 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another . . . ." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Physical harm means "any injury . . . regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶11} Longenecker argues the State failed to present sufficient evidence in support of her conviction for assault because L.D. initiated the physical altercation and L.D.'s face was neither bruised nor swollen. Regarding the latter, Longenecker argues L.D. "had a natural reddish complexion" that was "due to her being upset."

{¶12} Longenecker's argument lacks merit. L.D. testified that Longenecker initiated the physical altercation and that Longenecker grabbed her by the hair and banged her head against the wall. L.D. testified that this caused her to suffer injuries, including scratches on her elbow, face, and eyes. The State presented photographs of L.D.'s injuries at trial. Additionally, both police officers testified that they observed injuries on L.D. Viewing this evidence in a light most favorable to the State, this Court concludes the State presented sufficient evidence to allow the trial court to reasonably conclude that the State proved the essential elements of assault beyond a reasonable doubt. *Jenks* at 273; *see* R.C. 2901.01(A)(3). Accordingly, Longenecker's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶13} In her second assignment of error, Longenecker argues that her conviction was against the manifest weight of the evidence. For the following reasons, this Court overrules Longenecker's second assignment of error.

{¶14} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.).

{¶15} Longenecker argues her conviction for assault was against the manifest weight of the because she told the police L.D. attacked her first and that she (Longenecker) was simply defending herself. Like she did in her challenge to the sufficiency of the evidence, Longenecker again argues L.D.'s face was neither bruised nor swollen, and that L.D. "had a natural reddish complexion" that was "due to her being upset."

{¶16} Longenecker's argument lacks merit. As the trier of fact in this case, the trial court was in the best position to evaluate L.D.'s credibility. *State v. Hartwell*, 2025-Ohio-2278, ¶ 7 (9th Dist.). In doing so, the trial court was "free to believe all, part, or none" of her testimony. *Id.*, quoting *State v. Gannon*, 2020-Ohio-3075, ¶ 20 (9th Dist.). The fact that the trial court believed

the State's version of the events instead of the defense's version does not render Longenecker's conviction against the manifest weight of the evidence. *Harris* at ¶ 19. Having reviewed the entire record, this Court cannot say that this is the exceptional case in which the evidence weighs heavily against Longenecker's conviction. Consequently, Longenecker's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

{¶17}  In her third assignment of error, Longenecker argues that her trial counsel rendered ineffective assistance.  For the following reasons, this Court overrules Longenecker's third assignment of error.

{¶18}  "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62.  To prevail on a claim of ineffective assistance of counsel, Longenecker must establish: (1) that her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A deficient performance is one that falls below an objective standard of reasonable representation.  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.  To establish prejudice, Longenecker must show that there existed a reasonable probability that, but for her counsel's errors, the outcome of the proceeding would have been different.  *State v. Sowell*, 2016-Ohio-8025, ¶ 138.  "This Court need not address both prongs of *Strickland* if an appellant fails to prove either prong."  *State v. Carter*, 2017-Ohio-8847, ¶ 27 (9th Dist.).

**{¶19}** Longenecker argues her trial counsel rendered ineffective assistance because he: (1) did not move for acquittal under Crim.R. 29 at the conclusion of trial; and (2) failed to argue self-defense. As explained below, neither argument has merit.

**{¶20}** The record reflects that defense counsel moved for acquittal under Crim.R. 29 after the State rested, which the trial court denied. The defense presented no witnesses and rested subject to the admission of certain exhibits. Defense counsel did not renew his motion for acquittal after the defense rested. Even if defense counsel was required to renew his Crim.R. 29 motion, "the failure to do so does not preclude this Court's review of whether a conviction is supported by sufficient evidence and thus does not constitute ineffective assistance of counsel." *State v. Payne*, 2019-Ohio-4218, ¶ 28 (9th Dist.). Thus, Longenecker's argument in this regard lacks merit.

**{¶21}** Next, even assuming defense counsel rendered a deficient performance by not arguing self-defense, Longenecker has not demonstrated that there is a reasonable probability the error affected the outcome of her trial. *See State v. Suggs*, 2024-Ohio-1961, ¶ 39 (9th Dist.), citing *Sowell*, 2016-Ohio-8025, at ¶ 138. L.D. testified that Longenecker initiated the physical altercation, which caused L.D. to suffer injuries. Additionally, the officer testified that he determined Longenecker was the aggressor in the altercation. Further, the sergeant testified that Longenecker was "kind of erratic" when he spoke with her. Based on these facts and circumstances, this Court cannot conclude that there is a reasonable probability that, but for defense counsel's failure to argue self-defense, the trial court would not have found Longenecker guilty of assault. Thus, Longenecker has not met her burden of establishing ineffective assistance of counsel. *See Suggs* at ¶ 39, citing *Strickland*, 466 U.S. at 687. Longenecker's third assignment of error is overruled.

II.

{¶22} Longenecker's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.